# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 07-CR-30087-05-MJR |
| DAVID M. FICKES, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On June 20, 2007, Fickes was indicted with conspiracy to manufacture and distribute 500 grams or more of a substance containing methamphetamine. On August 2, 2007, Fickes filed a motion to determine his mental competency to stand trial as well as his possible insanity at the time of the alleged offense (Doc. 63). The Court held a hearing and found that there was reasonable cause to believe Fickes might be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. As a result, the undersigned Judge ordered a psychological exam pursuant to 18 U.S.C. §§ 4241, 4242 (Doc. 110). The Court later granted an extension of the evaluation period (Doc. 142).

On January 16, 2008, the Court received a fax from the Metropolitan Correctional Center in New York City, consisting of a cover letter from Warden James N. Cross, a Competency to Stand Trial Evaluation of Dr. Elissa R. Miller and Dr. William J. Ryan, and a Criminal Responsibility Evaluation of Dr. Miller and Dr. Ryan (Sealed Doc. 148). Dr. Miller and Dr. Ryan opine that Fickes was competent at the time of the offense, but that he is not competent to stand trial due to a mental disease. They also believe that he could be restored to competency with proper

1

treatment.

On February 7, 2008, the Court conducted a hearing pursuant to 18 U.S.C. §§ 4241(c), 4247(d), wherein the undersigned Judge observed Fickes, questioned Fickes, and heard from both counsel as to his competency to stand trial (Doc. 161). Both counsel and Fickes agreed that given the findings in the psychological report, Fickes should undergo treatment in order to restore his competency so that he might be able to understand the proceedings against him and assist his attorney in preparing his case.

Pursuant to 18 U.S.C. § 4241(d), the Court **FINDS** by a preponderance of the evidence that Fickes is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Additionally, the Court **FINDS** that there is a substantial probability that in the foreseeable future, Fickes will attain the capacity to permit the proceedings to go forward if he is hospitalized and treated for a reasonable period of time. Accordingly, the Court **COMMITS** Fickes to the custody of the Attorney General for hospitalization and treatment for a reasonable period of time, **not to exceed four months**, unless an extension of this time is granted by the Court pursuant to 18 U.S.C. § 4241(d)(2). The Court **SETS A HEARING** at **9:00 a.m. on May 15, 2008** in order to examine Fickes's progress.

Finally, the Court notes that Fickes is near-sighted and requires eyeglasses in order to review documents. According to Fickes, eyeglasses were ordered on his behalf while he was undergoing his psychological examination in New York, but he never received them. In order to

rectify this issue, the Court **ORDERS** that a copy of this Order be provided to the treatment facility at which Fickes is hospitalized so that hospital personnel may consult with Fickes about his eyeglasses.

**IT IS SO ORDERED.**

**DATED this 7th day of February 2008.**

                                            **s/Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**